**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4009**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLENDRICT FRAZIER, a/k/a Glen, a/k/a Uncle Glen,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:14-cr-00479-JKB-10)

Submitted: September 28, 2017                    Decided: October 2, 2017

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew H. Baida, ROSENBERG MARTIN GREENBERG, LLP, Baltimore, Maryland, for Appellant. James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glendrict Frazier pled guilty to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2012), and the district court sentenced him to 120 months' imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether Frazier received ineffective assistance of counsel but points to no specific error.[*] We affirm.

"Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *Id.* at 508 (citing *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010)). Because the record here does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Frazier, in writing, of the right to petition the Supreme Court of the United States for further review. If Frazier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

---

[*] Counsel also notes that, in the plea agreement, Frazier waived the right to appeal his conviction and sentence. Frazier's ineffective assistance of counsel claim falls outside the scope of the waiver, and the Government has not otherwise invoked the waiver on appeal. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Frazier.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*